## Commonwealth v. One Cadillac Sedan.

*Liquor law—Seizure of vehicle—Chattel—Mortgage—Comity as between states.*

1. Where a motor-vehicle on which there is a chattel mortgage, valid under the laws of another state, has been seized in Pennsylvania for a violation of the liquor laws, the mortgagee has by comity the rights which a bailee would have under the laws of Pennsylvania.

2. If, in such case, the mortgagee has been innocent of any violation of the law, he should have a lien on the proceeds of the sale of the vehicle for any unpaid balance of his mortgage.

Petition to forfeit motor-vehicle. Q. S. Monroe Co.

R. L. Mervine, for petitioner; F. J. Mervine, for Commonwealth.

Commonwealth v. One Cadillac Sedan.

SHULL, P. J., March 9, 1925.—This matter comes before the court on peti-
tion to forfeit a motor-vehicle, to wit, one Cadillac sedan, under the provisions
of the Act of March 27, 1923, P. L. 34.

The Gotham Credit Corporation presents a claim based on a chattel mort-
gage covering the said motor-vehicle. The evidence shows an unpaid balance
due on said chattel mortgage of $1800, with interest from Dec. 21, 1924.
Counsel for the claimant does not contend for the possession, or right of
possession, of the motor-vehicle, but contends that the fund realized from the
sale of the same should, after payment of the costs, be first subject to the
payment of the amount due on this mortgage.

The testimony clearly shows that the motor-vehicle was seized by the State
police in the County of Monroe, State of Pennsylvania, while being used in
the illegal transportation of alcoholic liquors for beverage purposes; in fact,
this is admitted by the parties, though the claimant had no knowledge of that
fact prior to or at the time of seizure.

The statute imposing forfeiture should be strictly construed, and in a
manner as favorable to the person whose property is to be seized as is con-
sistent with fair principles of interpretation.

Under the laws of the State of New York, a chattel mortgage creates a
relation between mortgagor and mortgagee differing but little from the rela-
tion existing between bailor and bailee under a bailment lease or contract
recognized by the laws of the State of Pennsylvania.

While it is perfectly true that chattel mortgages have not been recognized
under the policy of the laws of Pennsylvania, excepting between the parties
to the mortgage, where other rights intervene, they have been held to be
against public policy unless the mortgaged personalty is in the possession of
the mortgagee: Klaus v. Majestic A. H. Co., 250 Pa. 194; Enterprise W.
P. Co. v. Rantoul Co., 260 Pa. 540; Jackson's Estate, 5 Sadler, 573; Fry v.
Miller, 45 Pa. 441; City Bank v. Easton B. & S. Co., 187 Pa. 30.

Consideration for the rights of creditors without notice and to purchasers
in good faith is at the base of these decisions.

The principles of public policy which demand such protection to creditors
or innocent purchasers, in our opinion, cannot justify the Commonwealth in
disregarding a contract which is valid, where made in another state, and in
declaring a forfeiture of the mortgaged property, if the mortgagee is innocent
of violation of the law.

Where the right to work forfeiture is involved, we believe the principles of
comity demand that an innocent mortgagee of personal property be given a
standing accorded to a bailor under the act of assembly in question. Such
mortgagee should have a lien on the proceeds of sale for the unpaid balance
of his mortgage, but has no standing to claim the seized property as owner,
for comity cannot demand that a mortgagee receive more than the unpaid
amount of the mortgage, when a chattel has been seized while used in viola-
tion of the law.

While it is true that the contract offered in this case is designated a chattel
mortgage, if the parties were designated bailor and bailee, and the same con-
ditions inserted in a contract under such designation, clearly it would be held
to be within the provisions of the Act of March 27, 1923, P. L. 34.

And now, March 9, 1925, after hearing and due consideration, the court
having found the facts which are set forth in the opinion herewith filed, it is
adjudged and decreed that the Cadillac sedan in said petition described has
been forfeited to the Commonwealth, and the same is hereby condemned and
ordered to be sold by the Sheriff of Monroe County at public sale, after due

Commonwealth *v.* One Cadillac Sedan.

notice, as provided by the Act of March 27, 1923, P. L. 34; and it is further ordered that the claim of the Gotham Credit Corporation in the sum of $1800, with interest from Dec. 21, 1924, being the same amount due upon this contract, a copy of which is set forth in the claim filed, shall attach to and be paid out of the proceeds of such sale after the payment of costs; the balance of such proceeds, if any there be, to be paid to the county treasurer in accordance with the provision of said act.

From C. C, Shull, Stroudsburg, Pa.